No. 13-2169

---

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**JANELLE HILL and WILLIAM HILL, individual and as next friends of SAVANNAH A. HILL, a minor,**

*Plaintiffs.*

v.

**SANOFI-AVENTIS U.S., INC.,**

*Defendants.*

---

On Appeal from the United States District Court
For the Eastern District of Virginia
The Honorable Claude M. Hilton
Civil Action No. 1:09-cv-00463-CMH-TRJ

---

**INFORMAL BRIEF FOR INTERVENOR-APPELLANT**

---

Joshua Erlich (VA Bar No. 81298)
The Erlich Law Office, PLLC
2111 Wilson Blvd., Ste. 700
Arlington, VA 22201
T: (703) 791-9087
F: (703) 722-8114
jerlich@erlichlawoffice.com
*Counsel for Appellant*

# TABLE OF CONTENTS

TABLE OF CONTENTS......................................................................... i

TABLE OF AUTHORITIES ............................................................... iii

JURISDICTIONAL STATEMENT ....................................................1

STATEMENT OF THE ISSUE.............................................................1

STATEMENT OF THE CASE................................................................2

I.   PROCEDURAL HISTORY ...........................................................2

II.   STATEMENT OF FACTS.............................................................3

    A.   *The Instant Matter* .....................................................................3

    B.   *Medcon's Involvement*...............................................................4

    C.   *Medcon's Motion to Intervene*...................................................6

SUMMARY OF ARGUMENT ..............................................................8

STANDARD OF REVIEW .................................................................11

ARGUMENT.......................................................................................13

I.   THIS COURT SHOULD REVERSE THE DISTRICT COURT'S DENIAL OF MEDCON'S MOTION TO INTERVENE BECAUSE MEDCON MEETS ALL THREE CRITERIA FOR INTERVENTION OF RIGHT. ...........................13

    A.   *Medcon Has a Proprietary and Significantly Protectable Interest in the Subject Matter of This Case Because This Court Has Jurisdiction Over Medcon's Contractual Relationship with Plaintiff.* ...........................................15

    B.   *Medcon's Ability to Protect Its Interest Will Be Substantially Impaired Absent Intervention Because Medcon's Compensation for the Services It Rendered Hinge on the Settlement Agreement in This Case.* ...........................21

        1.   The District Court maintained jurisdiction over Medcon and the Settlement Agreement, giving it the exclusive right to hear disputes over this matter. ...............................................21

2. Medcon's entrance into the Settlement Agreement in the Agreement's current form would be unconscionable. ......................................................23

*C.* *The Existing Parties to This Action Inadequately Represent Medcon's Interests.*................................................................................................*25*

II. THE DISTRICT COURT ERRED IN FINDING THIS MATTER CLOSED BECAUSE THE FEBRUARY ORDER HAD NOT BEEN CARRIED OUT. ..........................................................................................................29

CONCLUSION ...............................................................................................30

ORAL ARGUMENT REQUEST .....................................................................31

# TABLE OF AUTHORITIES

**Cases**

*Donaldson v. United States*, 400 U.S. 517 (1971)............................................16, 17

*Francis v. Chamber of Commerce*, 481 F.2d 192 (4th Cir. 1973) ........................22

*Fransmart, LLC v. Freshii Dev., LLC,* 768 F. Supp. 2d 851 (E.D.Va. 2011).........24

*Gould v. Alleco, Inc.*, 883 F.2d 281 (4th Cir. 1989)..............................13, 16, 18, 19

*Hartford Accident & Indem. Co. v. Crider*, 58 F.R.D. 15 (N.D. Ill. 1973).............18

*In re Sierra Club*, 945 F.2d 776 (4th Cir. 1991)......................................................13

*Mgmt. Enters., Inc. v. Thorncroft Co., Inc.*, 416 S.E.2d 229 (Va. 1992) ...............24

*New Hampshire Ins. Co. v. Greaves*, 110 F.R.D. 549 (D.R.I. 1986) ......................18

*Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370 (1987) ...................11

*Stuart v. Huff*, 706 F.3d 345 (4th Cir. 2013) ...........................................................11

*Teague v. Bakker*, 931 F.2d 259 (4th Cir. 1991) ........................................16, 17, 18

*Trbovich v. UMW*, 404 U.S. 528 (1972)...................................................................26

*United Guaranty Residential Ins. Co. v. Philadelphia Sav. Fund Soc'y*, 819 F.2d 473 (4th Cir. 1987) ...............................................................13, 15, 26, 27

*United States v. Blue*, 384 U.S. 251 (1966)..............................................................17

*United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968 (2d Cir 1984)....14

**Statutes**

28 U.S.C. § 1291 (2006)...............................................................................................1

28 U.S.C. § 1332 (2006)...............................................................................................1


**Rules**

Fed R. Civ. P. 24(a) ....................................................................................................13

Fed R. Civ. P. 24(a)(2) ................................................................1, 13

Fed. R. App. P. 32(a)(6) ................................................................1

Fed. R. App. P. 32(a)(7)(B) ................................................................1

Fed. R. App. P. 32(a)(7)(B)(iii) ................................................................1

Fed. R. App. P. 32(ag)(5) ................................................................1

Fed. R. Civ. P. 24(a)(2) ................................................................1

**Treatises**
3B J. Moore, Federal Practice para. 24.09-1 [4] (1969)........................................25

# JURISDICTIONAL STATEMENT

The District Court had jurisdiction over this action pursuant to 28 U.S.C. § 1332 (2006) (diversity jurisdiction) because the amount in controversy exceeded seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and because plaintiffs and defendants had complete diversity of citizenship. On August 13, 2013, the District Court entered a final order denying Appellant Medcon, Inc.'s ("Medcon") Motion to Intervene and disposing of all parties' claims. Medcon timely filed its notice of appeal on September 12, 2013. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 (2006).

# STATEMENT OF THE ISSUE

Pursuant to Fed. R. Civ. P. 24(a)(2), Medcon timely and properly moved to intervene in this Action to request that the Court enter a protective order facilitating the execution of the District Court's February 20, 2013 Order; an order which, to date, has not been executed and over which the District Court explicitly retained jurisdiction. Did the District Court abuse its discretion when it denied Medcon's motion to intervene and stated that this matter need not be "reopened," despite the fact that Medcon has an interest in this Action that can only be protected by intervention.

**STATEMENT OF THE CASE**

## I.    PROCEDURAL HISTORY

On April 3, 2009, Janelle Hill ("Plaintiff"), acting personally and as next friend of Savannah Hill, filed a Complaint (Case No. 107CL00055038-00) against Defendant Sanofi-Aventis U.S., Inc. ("Defendant") in the Circuit Court of Loudon County, Virginia.  (Notice of Removal p. 1.)  Defendant timely filed a notice of removal to the United States District Court for the Eastern District of Virginia on April 29, 2009.  (Notice of Removal pp. 1-2.)

Plaintiff retained Medcon for litigation support on December 1, 2005. (Medcon Retainer Agreement p. 2.)  On August 18, 2010, the District Court entered an order approving a Settlement Agreement and dismissing the action. (Docket p. 13.)  Plaintiff refused to pay Medcon its agreed-upon fee.  (Award of Arbitrator pp. 1-3.)  Medcon sued Plaintiff in arbitration to enforce the Retainer Agreement.  (*Id.*)  The arbitrator found in favor of Medcon and ordered Plaintiff to disclose the terms of the Settlement Agreement to Medcon so that Plaintiff could pay Medcon.  (Award of Arbitrator pp. 3-4.)

On February 7, 2013, Plaintiff filed a Rule 60(b)(6) Motion for Relief from Judgment pursuant to the arbitration award.  (Motion for Relief from Judgment p. 1.)  On February 20, 2013, the District Court issued an Order ("February Order") recognizing the arbitrator's order to disclose the settlement terms and maintaining

2

jurisdiction over the Settlement Agreement and Medcon with regard to these matters.  (Order of February 20, 2013 pp. 1-2.)

Medcon moved to intervene in this action on July 13, 2013.  (Motion to Intervene p. 1.)  Plaintiff responded neutrally on August 2, 2013.  (Plaintiff's Response to Motion to Intervene p. 1.)  Defendant responded in opposition on August 6, 2013.  (Defendant's Response to Motion to Intervene pp. 1-2.)  On August 13, 2013, the District Court denied Medcon's motion to intervene (Order of August 13, 2013 p. 1.)  Medcon timely filed its notice of appeal on September 12, 2013. (Notice of Appeal p. 1.)

## II.    STATEMENT OF FACTS

### A.  The Instant Matter

The instant matter was initiated on April 3, 2009, when Janelle Hill, acting personally and as next friend of Savannah Hill, filed a Complaint (Case No. 107CL00055038-00) against Defendant Sanofi-Aventis U.S., Inc. in the Circuit Court of Loudon County, Virginia.  (Notice of Removal p. 1.)

In her complaint, Plaintiff sought recovery for negligence and breach of warranty related to a drug manufactured by Defendant and prescribed to Plaintiff while she was pregnant with Savannah Hill.  (Complaint pp. 4-7.) Plaintiff sought damages of amount of fifty million dollars ($50,000,000) in compensatory damages and three hundred fifty thousand dollars ($350,000).  (*Id.* p. 7.)

3

Defendant timely filed a notice of removal to the United States District Court for the Eastern District of Virginia on April 29, 2009.  (Notice of Removal pp. 1-2.)

### B. Medcon's Involvement

In December 2005, Plaintiff retained Medcon to provide expert consulting and support in this matter and other matters "emanating from catastrophic injuries to [Plaintiff's] infant daughter."  (Award of Arbitrator p. 2.)  Beginning in 2006, under the agreement between Plaintiff and Medcon, Medcon was to provide services at the direction of and in conjunction with Plaintiff's attorneys, "including medical research on the drug manufacturer case, multi-day travel to New Jersey and elsewhere to review drug test records, [participation in] multiple meetings with [Plaintiff] and her attorneys, review expert reports and depositions, and [participation in] numerous e-mail exchanges with [Plaintiff], her attorneys, her expert witnesses, and her other consultants."  (*Id.*)

According to the Retainer Agreement between Plaintiff and Medcon, the basis of Medcon's compensation was

> "in the alternative of 1) ten percent (10%) of the gross amount of all money and/or other value received in the settlement or in payment of a judgment in this case," or, 2) "[if] and only if, the court disapproves the percentage fee described above, client(s) agree to pay MEDCON a fee of two hundred fifty dollars ($250.00) per hour for services rendered in lieu of the percentage."

(*Id.* p. 1 (quoting Medcon Retainer Agreement p. 1) (alteration in original).)

4

On August 18, 2010, the District Court entered an order approving a settlement and dismissing the action between Plaintiff and Defendant.  (Docket p. 13.)  Plaintiff then refused to divulge the amount of the settlement or to pay Medcon any sum for the consulting services performed herein, citing the need to conform to the confidentiality order entered by the District Court concerning the amount of the settlement.  (Award of Arbitrator p. 3.)

Medcon's Retainer Agreement included an arbitration clause.  (Medcon Retainer Agreement p. 1.)  Therefore, Medcon and Plaintiff entered into arbitration to resolve Medcon's claim for compensation.  (Award of Arbitrator pp. 1-3.)  After reviewing the evidence, the arbitrator determined that Medcon's claims against Plaintiff were meritorious.  (Award of Arbitrator pp. 3-4.)

Medcon was entitled to recover ten percent (10%) of the total amount of the settlement paid, or, in the event that the percentage fee was disapproved by the District Court or, if the Court failed to confirm the Arbitration Award ordering disclosure of the terms of the settlement agreement, the amount of compensation to Medcon was fixed at $75,000.  (*Id.* p. 4.)  The arbitrator further ordered Medcon to execute a confidentiality agreement enabling Hill to disclose to Medcon the monetary terms of the settlement agreement that resolved the instant case.  (*Id.*)

*C. Medcon's Motion to Intervene*

Following the arbitration, Plaintiff filed a Rule 60(b)(6) Motion for Relief

from Judgment with the District Court on February 7, 2013. (Motion for Relief

from Judgment p. 1.) This Motion contained the Arbitration Award's requirement

that Plaintiff disclose the confidential settlement terms. (Motion for Relief from

Judgment p. 2.) The District Court then issued an Order on February 20, 2013,

recognizing the arbitrator's order "to disclose the confidential settlement terms,"

and ordering that

> a) upon execution of the Confidentiality Agreement by Medcon, Inc.,
> David Geier, Mark Geier, and Francis Kreysa, Esq., [Plaintiff] may
> divulge terms of the Settlement Agreement to Medcon, Inc., David
> Geier, Mark Geier, and Francis J. Kreysa, Esq., and to no other person
> or entity, b) Medcon, Inc., David Geier, Mark Geier, and Francis J.
> Kreysa, Esq., shall maintain the complete confidentiality of the terms
> of the settlement that Ms. Hill divulges to them; and c) *[the District]*
> *Court shall maintain jurisdiction* over Medcon, Inc., David Geier,
> Mark Geier, and Francis J. Kreysa, Esq., for purposes of any violation
> of (1) this Order; (2) [the District] Court's August 6, 2010 Order in the
> above-captioned case; (3) the Settlement Agreement that is
> incorporated in the [District] Court's August 6, 2010 Order in the
> above-captioned case; and (4) violation of the Confidentiality
> Agreement following its execution by Medcon, Inc., David Geier,
> Mark Geier, and Francis Kreysa.

(Order of February 20, 2013 pp. 1-2 (emphasis added).)

On March 6, 2013, Francis Kreysa ("Kreysa"), counsel for Medcon,

contacted Plaintiff's counsel John B. Rafter and Defendant's counsel Mary C.

Zinsner to advise that Plaintiff's arbitration counsel, Eric Pelletier, had provided a

draft Confidentiality Agreement for consideration. (Email from Francis Kreysa to Mary C. Zisner p. 1.) The draft confidentiality agreement, by its own terms, incorporated the terms of the Settlement Agreement by reference. (*Id.*) Furthermore, this draft confidentiality agreement, pursuant to the District Court's Order, stated that Medcon would be bound by the terms of the Settlement Agreement that resolved the instant litigation. (*Id.*)

Mr. Pelletier's draft confidentiality agreement put Medcon in the position of signing a contract while blind to its terms. (*Id.*) Mr. Kreysa attempted to remedy this situation by seeking the disclosure of the Settlement Agreement with the financial terms redacted such that the other terms to which Medcon would be bound could be considered in connection with the Confidentiality Agreement. (*Id.*) Ms. Zinsner responded that her client would not agree to the disclosure of any portion of the Settlement Agreement without the return of the signed Confidentiality Agreement. (*Id.* p. 2.)

Mr. Kreysa circulated a proposed Protective Order to counsel on June 7, 2013. (Email Chain pp. 1-2.) He requested that they approve the Protective Order and permit the disclosure of the Settlement Agreement to Medcon so that Medcon could consider the effect of the terms of the Settlement Agreement. (*Id.*)

On June 11, 2013, Defendant's counsel responded that the "litigation has concluded with respect to [her] client. I will not undertake to review your

protective order or take further action.  There is already a protective order in the case which governs the conduct of the parties."  (*Id.* p. 1.)

Seeing no other alternative, Medcon sought to intervene in this action. (Motion to Intervene p. 1.)  Medcon filed its motion to intervene on July 13, 2013. (*Id.*)  Plaintiff responded on August 2, 2013 and did not oppose Medcon's intervention into the case.  (Plaintiff's Response to Motion to Intervene p. 1.) Defendant responded in opposition on August 6, 2013.  (Defendant's Response to Motion to Intervene pp. 1-2.)  The District Court denied Medcon's motion to intervene in an Order dated August 13, 2013 because "it [appeared] to the [District] Court that this matter [had] been settled and this case [had] been dismissed, and it further [appeared] to the [District] Court that there [was] no basis to *reopen* the case . . . ."  (Order of August 13, 2013 p. 1.)  Medcon timely filed its notice of appeal on September 12, 2013. (Notice of Appeal p. 1.)

## SUMMARY OF ARGUMENT

This Court should reverse and remand the District Court's incorrect denial of Medcon's motion to intervene.  Medcon meets all three criteria for intervention of right laid out in Rule 24(a)(2) of the Federal Rules of Civil Procedure, which states that movants who meet the criteria must be granted the right to intervene. Additionally, the District Court erred by stating that the District Court would need

to "reopen" this matter when that same Court's February Order granting relief from judgment was still pending. In its review of this matter for abuse of discretion, this Court should afford the District Court limited deference because, as a concurring Supreme Court opinion noted, trial courts have less discretion to limit the participation of an intervenor of right than the discretion afforded to a trial court to limit permissive intervention.

Medcon satisfies all three criteria for intervention of right laid out in Rule 24(a)(2). These criteria are: (1) the movant must have an interest in the subject matter of the action; (2) the movant's ability to protect its interest in the action will be impaired or impeded unless the movant is permitted to intervene and (3) the existing parties do not adequately represent the movant's interest in the action.

Medcon has a sufficient interest in this case to satisfy Rule 24(a)(2), and that interest is both proprietary and significantly protectable. Medcon's interest does not depend on the outcome of potential future litigation; rather, its interest has already been established and recognized by the District Court's enforcement of the Arbitration Award. Medcon also stands to gain or lose by the action of the District Court, further solidifying its direct interest in this case.

Furthermore, Medcon's ability to assert and protect its interest will be impaired if not completely impeded without being allowed to intervene. The District Court maintains exclusive jurisdiction over the Settlement Agreement in

this case, on which Medcon's interest is based.  There is no separate litigation that could allow Medcon to assert its interest in the case because of the District Court's jurisdiction over the settlement of this case.

Medcon also cannot assent to the confidentiality agreement proffered by the parties in this matter in its current form because any resulting contract would be unconscionable.  Without being given the opportunity to review the contract before the contract's execution, the imbalance in bargaining position is so great as to be insurmountable, making Medcon's acceptance of such a contract impossible.

The existing parties also do not adequately represent Medcon's interests, which the Supreme Court has held to be a minimal burden to meet that may be satisfied by the mere potential for inadequate representation.  Although Medcon and Plaintiff's interests were previously aligned, Medcon now is an adversary to Plaintiff, who refuses to pay Medcon for services Medcon has already rendered under a valid contract.  Medcon and Plaintiff would no longer employ similar litigation strategies both because litigation has concluded and because of their concretely divergent interests in this case.  For these reasons, Medcon fulfills the criteria for intervention of right set forth in Rule 24(a)(2) and the District Court's denial of intervention should be reversed.

Finally, the District Court erred by asserting that this matter would need to be reopened when its February Order had yet to be effectuated.  The District

Court's order granting relief from judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure had not then and has not now been carried out due to a breakdown in bargaining between the parties after Plaintiff's insistence that Medcon enter into an unconscionable agreement in order to see the terms of the agreement. Medcon moved to intervene in order to enforce the District Court's order and protect its rights.

For the foregoing reasons, this Court should reverse and remand for further proceedings the District Court's erroneous denial of Medcon's motion to intervene.

## STANDARD OF REVIEW

In the Fourth Circuit, denials of both intervention as a matter of right and permissive interventions are reviewed under an abuse of discretion standard. *Stuart v. Huff*, 706 F.3d 345, 349-350 (4th Cir. 2013). Although both types of intervention are reviewed under the same nominal standard, the Supreme Court has noted that, because an intervenor of right cannot protect her interest without joining the litigation, the trial court has "less discretion to limit the participation of an intervenor of right than that of a permissive intervenor." *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 381-82 (1987) (Brennan, J., concurring). In the instant case, Medcon is an intervenor of right; therefore, this

Court should review the trial court's decision to limit its participation under the more strict abuse of discretion standard.

# ARGUMENT

## I.  THIS COURT SHOULD REVERSE THE DISTRICT COURT'S DENIAL OF MEDCON'S MOTION TO INTERVENE BECAUSE MEDCON MEETS ALL THREE CRITERIA FOR INTERVENTION OF RIGHT.

The Federal Rules of Civil Procedure set forth three criteria under which

"the court *must* permit anyone [who meets the criteria] to intervene."  Fed. R. Civ.

P. 24(a) (emphasis added); *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989)

(stating that "'Rule 24(a)(2) . . . requires the court to allow intervention when" the

three requirements of Rule 24(a)(2) are met). These criteria[1] are: (1) the movant

must have an interest in the subject matter of the action; (2) absent intervention, the

movant's ability to protect its interest in the action will be "impaired or impeded;"

and (3) the existing parties do not "adequately represent" the movant's interest in

the action.  *See* Fed R. Civ. P. 24(a)(2).

All of the criteria must be satisfied for the movant to reach the point that the

Court must permit intervention.  *See United Guaranty Residential Ins. Co. v.*

*Philadelphia Sav. Fund Soc'y*, 819 F.2d 473, 474 (4th Cir. 1987).  Furthermore,

---

[1] The Fourth Circuit has held previously that District Courts are expressly prohibited from bolstering denials of intervention of right by "referring to concerns of judicial economy and need for guidance.  Although those issues have a place in motions for permissive intervention, Rule 24(a) afford them no weight."  *In re Sierra Club*, 945 F.2d 776, 779 (4th Cir. 1991).

these criteria must be balanced against one another; as one of this Court's sister Circuits has elaborated, "application of [] Rule [24(a)] requires that its components be read not discretely, but together. [For example, a] showing that a very strong interest exists may warrant intervention upon a lesser showing of impairment or inadequacy of representation." *United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 983 (2d Cir 1984).

In the instant case, Medcon meets all three criteria and must be permitted to intervene in this matter. Medcon, pursuant to a contractual relationship and supported by the ruling of a neutral arbitrator, provided consultation and support to Plaintiff in exchange for either a percentage of any settlement agreement between Plaintiff and Defendant or an hourly rate. Medcon's interest is not only in the compensation it is owed, but also in the sanctity of the contract between Medcon and Plaintiff, which the arbitrator ordered to be enforced. Furthermore, because the District Court retained jurisdiction over the settlement agreement and the settlement agreement is an essential part of Medcon's contract with Plaintiff, Medcon's only method of redress to protect this interest in its contract with Plaintiff is by intervention in this matter. Finally, the parties in this matter do not adequately represent Medcon's interest in the case as the provider of a service to Plaintiff. Plaintiff cannot adequately represent Medcon's interest because Plaintiff has actively sought not to compensate Medcon under their contractual agreement.

Defendant cannot adequately represent Medcon's interest either, because Defendant's adversity to Plaintiff is based on protecting its interests relating to the events that initially brought this case to bar.

In short, Medcon meets all three criteria and therefore, under the Federal Rules of Civil Procedure, must be permitted to intervene. The District Court, by denying Medcon's motion to intervene, abused its discretion and should be reversed.

A. *Medcon Has a Proprietary and Significantly Protectable Interest in the Subject Matter of This Case Because This Court Has Jurisdiction Over Medcon's Contractual Relationship with Plaintiff.*

Medcon has a proprietary and significantly protectable interest in this action because of its contractual relationship with Plaintiff and, thus, meets the first criteria for intervention of right; therefore, the District Court's ruling below should be overturned and Medcon should be permitted to intervene. In the Fourth Circuit, to have an interest in the action sufficient to satisfy Rule 24(a)(2), the movant seeking intervention must have a proprietary and significantly protectable interest[2]

---

[2] A significant financial stake may also be sufficient to meet this threshold. *See United Guaranty Residential Ins. Co. v. Philadelphia Sav. Fund Soc'y*, 819 F.2d 473, 475 (4th Cir. 1987) (finding a bank to have a significant interest when insurance companies seeking to rescind insurance on loans would cause the bank to lose insurance on approximately $37,000,000 in mortgage certificates). Here, Medcon has a significant financial stake in the outcome of this case but is unsure

that exceeds the threshold of a mere general interest. *Donaldson v. United States*, 400 U.S. 517, 523 (1971); *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991) (citing *Donaldson*, 400 U.S. at 531) ("While Rule 24(a) does not specify the nature of the interest required for a party to intervene as a matter of right, the Supreme Court has recognized that 'what is obviously meant . . . is a significantly protectable interest.'"); *Gould v. Alleco, Inc.*, 883 F.2d 281, 285 (4th Cir. 1989) ("Merely claiming a general interest in [the] assets [at issue] based on a speculative recovery in an unrelated civil action does not . . . satisfy Rule 24[] . . . ."). Furthermore, an interest is more likely to be significantly protectable if it is not contingent on the outcome of other pending litigation. *Teague*, 931 F.2d at 261.

In *Donaldson v. United States*, the Supreme Court found a taxpayer movant lacked a sufficiently significant interest when the taxpayer attempting to intervene seeking to contest the compliance of a former employer and its accountant with a subpoena from the Internal Revenue Service. 400 U.S. at 531. The taxpayer was under investigation for three years' worth of income tax returns and sought to prevent his employer and the accountant from producing their own records pertaining to the taxpayer from that time period. *Id.* at 518-20. The Supreme

---

of the exact value of that stake because Plaintiff has refused to disclose the specific financial details of the settlement agreement.

Court said "the taxpayer [had] no proprietary interest of any kind" and went on to describe the nature of the interest as "apparent from the fact that the material in question . . . would not be subject to suppression if the Government obtained it by other routine means . . . ." *Id.* at 531. The Supreme Court went on to hold that "[t]his interest cannot be the kind contemplated by Rule 24 (a)(2) when it speaks in general terms of 'an interest relating to the property or transaction which is the subject of the action.' What is obviously meant there is a significantly protectable interest." *Id.* The Supreme Court further held that the taxpayer, "to the extent that he [had] such a protectable interest, . . . may always assert that interest or that claim in due course at its proper place in any subsequent trial." *Id.* (citing *United States v. Blue*, 384 U.S. 251 (1966)). The Court ultimately decided that the taxpayer's interest was of insufficient magnitude to allow his intervention, and that to hold to the contrary "would unwarrantedly cast doubt upon and stultify the Service's every investigatory move." 400 U.S. at 531.

In *Teague*, this Court found church member movants to have a sufficient interest to intervene when an insurance company that provided the church with tort insurance coverage for its media operations sought a declaration that the policy did not cover the defendant evangelists for claims in an underlying fraud class action by the church members. 931 F.2d at 259-260. At the time the district court ruled

on the motion to intervene, the members' suit was still pending, causing the district court to find their interest not sufficiently significant to intervene. *Id.* at 261.

While reiterating the *Donaldson* standard of significant protectability, this Court noted that "[w]hether an interest contingent upon the outcome of other pending litigation constitutes a 'significantly protectable interest' has been the source of much disagreement." *Id.* This Court cited in agreement authority from the Northern District of Illinois and the District of Rhode Island, each of which "allowed intervention in a dispute between an insurer and its insured even when the intervenor's interest is contingent on the outcome of other litigation." *Id.* (citing *New Hampshire Ins. Co. v. Greaves*, 110 F.R.D. 549 (D.R.I. 1986); *Hartford Accident & Indem. Co. v. Crider*, 58 F.R.D. 15 (N.D. Ill. 1973)). This Court ultimately concluded that the church member movants had sufficient interest to be considered significantly protectable because they "[stood] to gain or lose by the direct operation of the district court's judgment on [the evangelists'] complaint." *Id.*

In *Gould*, this Court found bondholder movants not to have a sufficient interest when they attempted to intervene immediately prior to settlement of an action in which stockholders sued a beverage company for violations of federal securities laws and state common law for fraud. 883 F.2d at 283. The bondholders alleged they had a superior right to be paid ahead of the stockholders, and that the

rights of the bondholders would be harmed because the settlement would dilute the value of their bonds. *Id.* This Court found the bondholders' argument to be unconvincing, saying that "[m]erely claiming a general interest in [the company's] assets based on a speculative recovery in an unrelated civil action [did] not . . . satisfy Rule 24's requirement that the claim be 'relating to the property or transaction which is the subject of the action.'" *Id.*

In the instant case, Medcon's interest in this case has already been established. Unlike *Teague* and *Donaldson*, whose outcomes hinged nebulously on the outcomes of potential future litigation, Medcon's interest has been defined. Litigation in this case has already been carried out, and the parties have entered into a settlement agreement. Medcon brought suit in arbitration and prevailed. Pursuant to that arbitration, Medcon's rights have been clearly established and explained both by the arbitrator and by the District Court. Because of the previous actions of the arbitrator and the District Court, Medcon's interest has already surpassed the general interest in a party's assets found insufficient in *Gould*. There is, additionally, no question as to the validity or soundness of the judgment of the arbitrator or its award; thus, distinct from *Teague* and *Donaldson*, Medcon's interest can easily be served by this Court because Medcon's rights have already been defined.

Medcon's interest in the instant matter is also both specific and proprietary. Unlike the taxpayer in *Donaldson*, Medcon has already had its rights established with regard to this lawsuit in the form of the Arbitration Award and the District Court's February Order. The taxpayer in *Donaldson*, who sought to stop his employer from providing the employer's own documents to the IRS, is distinct from Medcon in that Medcon is effectively retrieving its own property from Plaintiff. Medcon's interest in the settlement funds provided to Plaintiff by Defendant has already been established by the Arbitration Award; Medcon seeks to protect that previously-established interest by joining this matter as a party. Like the church member movants in *Teague*, Medcon's interest is significantly protectable because it stands to gain or lose by the operation of the District Court, although Medcon's interest is based on the District Court's willingness to enforce its own order, rather than granting the declaratory judgment sought in *Teague*.

Furthermore, Medcon's interest in the case extends beyond its pecuniary interest in obtaining funds owed to it; Medcon also wishes to uphold the sanctity of its contractual relationship with Plaintiff. Plaintiff and Medcon entered into an agreement and Medcon upheld its portion of the contract. Having already sued and won in arbitration, this action is the only method by which Medcon can obtain redress for the violation of its contractual relationship with Plaintiff and, as such, its interest is significant.

Because Medcon already has a clearly defined interest that is significantly protectable by the Court, this Court should overturn the District Court's denial and allow Medcon to intervene in this matter.

   B.  *Medcon's Ability to Protect Its Interest Will Be Substantially Impaired Absent Intervention Because Medcon's Compensation for the Services It Rendered Hinge on the Settlement Agreement in This Case.*

The parties have not yet complied with the District Court's February Order. The February Order states that the District Court explicitly retains jurisdiction over Medcon, and parties related to Medcon, for purposes of executing the February Order.  Furthermore, Medcon's execution of the Settlement Agreement in its current iteration, without being allowed to examine its terms, would be unconscionable.  Without being allowed to intervene, Medcon's ability to protect its interest would be significantly impaired because it will otherwise be unable to enforce its rights under the contract and arbitration that have been the direct result of these proceedings and, thus, Medcon meets the second criteria for intervention of right; therefore, the District Court's ruling below should be overturned and Medcon should be permitted to intervene.

   1.  The District Court maintained jurisdiction over Medcon and the Settlement Agreement, giving it the exclusive right to hear disputes over this matter.

In the Fourth Circuit, a movant's ability to protect its interest is impaired when the movant would be precluded by the matter into which it seeks to intervene

from pressing its interest in a later suit. *Francis v. Chamber of Commerce*, 481 F.2d 192, 195-97 (4th Cir. 1973). In *Francis*, this Court found the movant U.S. Chamber of Commerce's ability to protect its interest would not be impeded when it attempted to intervene and present an argument in an action where benefit recipients sought to enjoin state officials from enforcing a regulation that would prevent the recipients from receiving their benefits. 481 F.2d at 193. "The Chamber admit[ted] that if the decision of the district court [was] sustained, it [would] not be precluded from later pressing its interests in another suit." *Id.* at 195. This Court held that it "fail[ed] to see how [the Chamber] might be impaired or impeded in asserting its position in some future litigation." *Id.* at 195-96. For that reason, this Court found that the Chamber "failed to meet the practical impairment requirement of Rule 24(a)." *Id.* at 196.

In the instant case, there is no further distinct litigation to be pursued. Distinct from the movant in *Francis*, Medcon has already sued Plaintiff in arbitration and had its rights relating to the case at bar clearly delineated by the arbitrator. With the February Order, the District Court recognized the Arbitration Award and recognized that Plaintiff had been ordered to disclose the monetary terms of the settlement agreement with Medcon. Medcon's ability to protect its rights relates directly to the Settlement Agreement in the instant case, over which the District Court below explicitly retained jurisdiction. Medcon is precluded from

enacting a separate suit to compel Plaintiff to disclose the terms of the Settlement Agreement because the District Court has exclusive jurisdiction over the Settlement Agreement and the Confidentiality Agreement. The District Court has further retained exclusive jurisdiction over Medcon itself relating to violations of the Settlement or Confidentiality Agreements, which a separate suit would surely implicate.

<blockquote>2. Medcon's entrance into the Settlement Agreement in the Agreement's current form would be unconscionable.</blockquote>

As stated above, the February Order recognized the Arbitration Award and recognized that Plaintiff had been ordered to disclose the monetary terms of the Settlement Agreement. Subsequent to the February Order, Plaintiff refused to comply, citing concerns about confidentiality of the agreement, and sought to have Medcon enter into a confidentiality agreement that, by its own terms, incorporated the terms of the confidential settlement agreement in its entirety. This was not a plausible option for Medcon, as it created a situation under which Medcon would be forced to sign a blind contract. Medcon would be bound by the terms of the settlement agreement without having reviewed those terms.

Medcon offered various other options, each of which would allow Medcon some assurances regarding the content of the settlement agreement while giving the parties the security of confidentiality. These options included a proposed review of the settlement agreement with financial terms redacted and an entirely

different confidentiality agreement drafted by Medcon's counsel, which would address all parties' concerns. Ultimately, Plaintiff refused to negotiate or bargain with Medcon. Medcon was left with exactly one option: a "take it or leave it" offer to which Medcon could not agree without accepting contractual terms without prior review.

This offer was unconscionable. The confidentiality agreement required that Medcon sign a contract without review. Under Virginia law, "a contract is unconscionable if it is 'one that no man in his senses and not under a delusion would make, on the one hand, and [that] no fair man would accept on the other.'" *Fransmart, LLC v. Freshii Dev., LLC,* 768 F. Supp. 2d 851, 870 (E.D.Va. 2011) (quoting *Mgmt. Enters., Inc. v. Thorncroft Co., Inc*., 416 S.E.2d 229, 231(Va. 1992) (internal citations omitted)). Furthermore, "the substantive terms of the contract itself must be so grossly inequitable that it 'shocks the conscience.'" *Id.* at 871 (quoting *Mgmt. Entrs., Inc.*, 416 S.E.2d at 231).

In the instant case, Medcon's interests are substantially impaired by a "take it or leave it" offer of blind acceptance of the Settlement Agreement without even being offered a review of that contract. In addition, this offer is unconscionable with reference to Medcon as Medcon would not be within its senses, as the term is used in *Fransmart*, to accept the offer without a review of the contract. Finally, the position taken by both Plaintiff and Defendant that the Confidentiality

Agreement that has been proffered satisfies the February Order does shock the conscience. An agreement under which Medcon has no ability to bargain and simply must accept the terms offered by the parties is not a valid agreement at all.

Because Medcon is precluded from taking action to protect its interest in this matter in a separate lawsuit, this Court should find that Medcon's interest would be substantially impaired without being permitted to intervene and, thus, overturn the denial of the District Court and remand this matter for further proceedings.

### C. The Existing Parties to This Action Inadequately Represent Medcon's Interests.

Medcon satisfies the third requirement for intervention of right because neither of the existing parties in this action adequately represent Medcon's interest alone in this matter; thus, this Court should overturn the District Court's denial of intervention below and allow Medcon to enter the suit. In the Fourth Circuit, the existing parties do not adequately represent the interest[3] of the movant when one party to the action serves multiple non-identical related interests and the movant shares only one of those interests, and if the narrower interests of the movant would dictate a different approach from the concurring but more broad interests of

---

[3] The Supreme Court has held that satisfaction of this criterion requires only a showing that the representation of the movant's "interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich*, 404 U.S. at 538 n.10 (quoting 3B J. Moore, Federal Practice para. 24.09-1 [4] (1969)).

the party.  *See United Guaranty Residential Ins. Co. v. Philadelphia Sav. Fund Soc'y*, 819 F.2d 473, 474 (4th Cir. 1987) (citing *Trbovich v. UMW*, 404 U.S. 528, 538 n.10 (1972)).

In *Trbovich*, the Supreme Court found the parties' representation inadequate when the Secretary of Labor plaintiff sued to set aside a union election after receiving a complaint from the movant union member, who then wished to join the suit in order to urge additional grounds, present additional evidence, and make arguments in favor of the Secretary.  404 U.S. at 529-30.  The Supreme Court found that the Secretary had two interests: enforcing the rights of union members against the union, and the public interest in free union elections.  *Id.* at 539.  The test used by the Court was to inquire whether each interest would "always dictate precisely the same approach to the conduct of the litigation."  *Id.*   The Court ultimately found that the movant union member's interest in "hav[ing] a valid complaint about the performance of 'his lawyer'" made his interest sufficiently distinct from the general interest in democratic union elections to satisfy the third criteria of the Rule 24(a)(2) test.  *Id.*

In *United Guaranty Residential Ins.*, this Court found the parties' representation inadequate when an owner of mortgage certificates moved to intervene into an action in which mortgage insurers sued to rescind those certificates because of alleged misrepresentations by a mortgage company.  *United*

*Guaranty Residential Ins. Co.*, 819 F.2d at 474. The district court found adequate representation by a bank with a broad interest that was an existing party to the case, but this Court disagreed. *Id.* at 476. This Court held that although it was possible for the interests of the owner and the bank to align, representation was still insufficient due to the chance that their interests would not align and because the owner's interests may have dictated a different approach to the conduct of the litigation. *Id.*

The inadequacy of interests in this case is even more clearly defined than *United Guaranty* in that the interests of Medcon and Plaintiff are no longer in alignment whatsoever in two critical ways: (1) Plaintiff and Medcon are now financially adverse parties, rather than financially aligned, and (2) Plaintff, Defendant, and Medcon cannot successfully effectuate the February Order because no party to the original matter represents Medcon's interests.

Initially, Medcon and Plaintiff were seeking a positive outcome for Plaintiff's suit against Defendant and were aligned similarly to the movants in *United Guaranty* and *Trbovich*. Even then, Medcon would have been able to satisfy this criterion of Rule 24(a)(2) because its interests, in earning compensation for itself by completing its contract with Plaintiff, were more specific than Plaintiff's broad interest to win the case. Now that the case has settled and Plaintiff has repeatedly refused to compensate Medcon for its performance of the

contract, however, Medcon no longer shares a financial interest with Plaintiff. Medcon seeks to recover the compensation it is owed by Plaintiff, whereas Plaintiff seeks to elude Medcon's attempts to recover its due compensation.

Plaintiff and Defendant, as signatories to the Settlement Agreement, have proffered a confidentiality agreement that is not acceptable and simply unreasonable. As discussed *supra*, this confidentiality agreement, by its own terms, requires that Medcon agree to the terms of the Settlement Agreement without review of the Settlement Agreement itself. Plaintiff and Defendant have been unwilling to accept any other versions of a confidentiality agreement or consider a compromise through which Medcon could review a redacted version of the Settlement Agreement.

There can be no question of whether the current parties and Medcon would employ the same or similar litigation strategies at this point, as their interests no longer coincide. Even more strongly than the potential for future divergent interest in *United Guaranty*, Medcon presently has a clearly divergent interest from Plaintiff. Medcon also does not share an interest with Defendant simply because Medcon has taken an adversarial stance towards Plaintiff; Defendant seeks to protect Defendant's assets and Medcon seeks to protect Medcon's assets and rights.

Because Plaintiff and Medcon no longer have shared interests, Medcon meets the minimal burden of showing that representation by Plaintiff may be inadequate and, thus, satisfies the third criteria for intervention of right under Rule 24(a)(2); thus, the District Court's denial should be reversed and this matter remanded for further proceedings.

## II. THE DISTRICT COURT ERRED IN FINDING THIS MATTER CLOSED BECAUSE THE FEBRUARY ORDER HAD NOT BEEN CARRIED OUT.

Because the District Court's order of February 20, 2013 is still pending and has yet to be carried out, this case definitionally cannot be considered closed. This Court should reverse the District Court's order dismissing Medcon's motion to intervene below and remand for further proceedings so that the District Court's pending order may be completed and the matter may be brought to a proper conclusion.

The District Court's order of August 13, 2013 stated that "th[e] matter ha[d] settled and this case ha[d] been dismissed, and it further appear[ed] to the Court that there [wa]s no basis to reopen this case . . . ." However, the February Order in this same matter had come before this same District Court only six months before and had not yet been effectuated. The District Court had granted relief from judgment under Rule 60(b)(6) and had not yet seen that matter to completion.

Furthermore, the District Court explicitly retained jurisdiction over Medcon, and parties related to Medcon, for the purposes of effectuating the February Order.

Contrary to the District Court's order of August 13, 2013, this matter is already and continues to be open. The parties and Medcon had failed to successfully carry out the February Order through negotiation and Medcon moved to intervene, pursuant to their right under Rule 24(a)(2), as a non-party with an interest in the subject matter of the action, which, absent intervention, will have its interest impaired or impeded, and that is not adequately represented by the existing parties in the action.

## CONCLUSION

For the reasons set forth above, this Court should find in favor of movant Medcon, reverse the ruling of the District Court below, and remand for further proceedings.

## ORAL ARGUMENT REQUEST

Appellant respectfully requests oral argument.

Respectfully submitted,

By: _____/s/_____
Joshua Erlich (VA Bar No. 81298)
The Erlich Law Office, PLLC
2111 Wilson Blvd., Ste. 700
Arlington, VA 22201
T: (703) 791-9087
F: (703) 722-8114
jerlich@erlichlawoffice.com
*Counsel for Appellant*

**CERTIFICATE OF COMPLIANCE**

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 6,683 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(ag)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14 pt Times New Roman Font.

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 15th day of January 2014, I electronically filed the attached and foregoing document with the Clerk of the Court using the CM/ECF System. Copies will be served electronically or via U.S. mail on the following parties:

Mary Catherine Zinsner

Janelle B. Hill
P.O. Box 6659
Ozona, FL 34660

By:              */s/*

Joshua Erlich (VA Bar No. 81298)
The Erlich Law Office, PLLC
2111 Wilson Blvd., Ste. 700
Arlington, VA 22201
T: (703) 791-9087
F: (703) 722-8114
jerlich@erlichlawoffice.com
*Counsel for Appellant*